

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-3-2006

# Yang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2706

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Yang v. Atty Gen USA" (2006). *2006 Decisions.* Paper 621.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/621

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-2706

———————

ZI YANG,

<u>Petitioner</u>

vs.

ATTORNEY GENERAL OF THE
UNITED STATES,

<u>Respondent</u>

———————

ON REVIEW OF A PETITION FOR REVIEW OF THE DECISION
OF THE BOARD OF IMMIGRATION APPEALS
(BIA No. A79-424-558)

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
July 14, 2006

Before: SMITH, WEIS and ROTH, <u>Circuit</u> <u>Judges</u>

(Filed: August 3, 2006)

———————

OPINION

———————

WEIS, <u>Circuit Judge</u>.

Petitioner is a native of China who came to the United States in 2001. He

applied for asylum, withholding of removal, and protection under Convention Against

Torture. After a hearing, an ALJ rejected all of the petitioner's contentions and ordered him to be deported. The Board of Immigration Appeals adopted and affirmed the IJ's decision.

Petitioner testified that he was married in 1986 and has one son. In September 1990, his wife was forced to undergo an involuntary abortion in China. When petitioner appeared at the scene and objected, the police were called. Petitioner was not detained, but allegedly spent the following decade in hiding and away from his family because he feared reprisal for his actions. Several years after the abortion, petitioner and his wife divorced in China.

Petitioner contends that if he was forced to return to China, he would be fined and imprisoned as a result of his resistence to the abortion. The IJ found petitioner not credible as a result of numerous implausible allegations about his activities from 1990 onward.

The IJ gave a thorough and persuasive account of her reasons for refusing to believe the petitioner. Adverse credibility findings receive substantial deference on appeal if they are "supported by specific cogent reasons." Gao v. Ashcroft, 299 F.3d 266, 276 (3d Cir. 2002). The IJ adequately supported her finding that petitioner did not testify credibly. Although petitioner argues that the IJ's analysis concentrated on collateral matters, we disagree. Her observations were logically tied to the more controversial points of the petitioner's testimony, and furnished a sound basis for her findings.

We agree with the BIA that petitioner has not met his burden of proof and

accordingly we deny the petition for review.